J-S71004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRELL ARTIS | : | |
| | : | |
| Appellant | : | No. 1896 EDA 2017 |

Appeal from the Judgment of Sentence September 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005218-2013,
CP-51-CR-0006575-2013, CP-51-CR-0011178-2014

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.:                    **FILED MAY 30, 2019**

Tyrell Artis appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his convictions for aggravated assault, robbery, criminal conspiracy, and numerous firearms offenses. Artis challenges the discretionary aspects of his sentence. We affirm.

On November 15, 2012[1], Artis and a co-defendant went to 1417 South 53rd Street to rob the owners whom Artis knew. The owners let him in and his co-defendant followed. While Artis robbed the owners, his co-defendant shot the male home owner in the foot.

On March 17, 2013, police stopped Artis in a vehicle and recovered a black, operable firearm[2]. He was then arrested on a warrant for the robbery.

---

[1] This crime relates to docket number CP-51-CR-0006575-2013.
[2] This crime relates to docket number CP-51-CR-0005218-2013.

He was subsequently released on pretrial house arrest. Sometime around March of 2014, Artis cut his ankle monitor and a bench warrant was issued.

On September 16, 2014, Artis was apprehended by police on the 5400 block of Greenway Avenue. He was found to be in possession of a loaded operable firearm[3].

Artis pled guilty in all three cases and on September 17, 2015 the court sentenced him on all three cases. On docket number CP-51-CR-0006575-2013, he was sentenced to ten to twenty years' imprisonment each for aggravated assault, robbery, and conspiracy, and two and half to five years' imprisonment for possession of an instrument of crime ("PIC"). On docket numbers CP-51-CR-0005218-2013 and CP-51-CR-0011178-2014, the court imposed identical sentences of two and a half to five years for illegal possession of a firearm, three and one half to seven years for carrying firearms without a license, and two and a half to five years for carrying firearms on a public street. The court ordered all sentences to run consecutively except the sentences for robbery and aggravated assault, which were to run concurrently to each other. Artis's aggregate sentence was thirty-nine and one half to seventy-nine years' imprisonment.

On September 29, 2015, Artis filed a post-sentence motion. The court denied Artis's motion. This timely appeal follows.

_____

[3] This crime relates to docket number CP-51-CR-0011178-2014.

On appeal, Artis challenges the trial court's exercise of discretion in imposing sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Artis preserved his issues through a timely post-sentence motion[4] and filed a timely appeal. Counsel has included the required Rule 2119(f)

---

[4] We note the filing of this post-sentence motion appears facially untimely. *See* Pa.R.Crim.P. 720(A)(1) ("[A] written post sentence motion shall be filed no later than 10 days after imposition of sentence.") Typically, an untimely post-sentence motion does not preserve issues for appeal. *See Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007). Artis would normally have had until Monday, September 28, 2015 to file his motion. *See* Pa.R.A.P. 107; 1 Pa.C.S.A. § 1908. However, pursuant to an order dated August 7, 2015, the First Judicial District of Pennsylvania courts were closed from September 23, 2015 through September 28, 2015 due to the World Meeting of Families and the Papal visit. The order specifically stated that any pleadings which were required to be filed between those dates would be deemed to have been timely filed if they were filed on September 29, 2015.

statement. Thus, we must determine if Artis has raised a substantial question for our review.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation omitted); *see also* Pa.R.A.P. 2119(f).

Artis "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted).

First, Artis argues that the trial court imposed an excessive and unjustified sentence without addressing his unique circumstances or rehabilitative needs as required by 42 Pa.C.S.A. § 9721(b). He further contends the court abused its discretion by drastically deviating from the guidelines without addressing the guidelines or explaining its reasons for sentencing outside the guidelines. As these claims raise a substantial question, we proceed to examine the merits of Artis's sentencing challenge. *See Commonwealth v. Johnson*, 666 A.2d 690 (Pa. Super. 1995) (finding an

assertion that the sentencing judge sentenced outside the guidelines without reflecting consideration of the guidelines and failing to state adequate reasons on the record for sentencing outside the guidelines raises a substantial question).

Our standard of review for a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

In imposing a sentence, the court must consider relevant statutory factors, including "the protection of the public, the gravity of an offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A court has broad discretion in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962-63 (Pa. 2007). While the court is required to consider the sentence ranges set forth in the sentencing guidelines, it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007).

The court may depart from the "guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense

as it related to the impact on the life of the victim and the community[.]" *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001) (citation omitted). If the court imposes a sentence outside the guideline ranges, it must place adequate reasons for the deviation in the record. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 129-130 (Pa. Super. 2006).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012).

The court justified its sentence in the instant case as follows:

> That's with the home invasion setup, the victim shot in the foot, the foot is broken. The defendant is released on pretrial release, gets out, and goes back to the same things that led him there, possession of guns and firearms. And it's been demonstrated that he used guns in a violent manner because the victim in a home invasion was shot during the course of the invasion …

N.T., Sentencing Hearing, 9/17/2015, at 24-25.

Further, the trial court made its sentencing decision after hearing argument from both sides including statements from family members and Artis, as well as after consideration of a pre-sentence report[5]. Where the trial court had the benefit of reviewing a pre-sentence report, we must

---

[5] "I do accept everything that's in the presentence report …" N.T., Sentencing Hearing, 9/17/2015, at 23.

- 6 -

presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citing

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

As the trial court here had the benefit of a presentence report, combined with the trial court's explicit consideration of the sentencing guidelines, *see* N.T., Sentencing Hearing, 9/17/2015, at 22-23 ("And by law I'm obligated to review the guideline … And to reflect upon them. So I've done that"), we conclude that it considered all relevant sentencing factors and offered adequate reasons on the record for deviating from the sentencing guidelines.

Artis also contends the trial court did not attempt to rectify the discrepancies with the prior record score or the guidelines. This raises a substantial question. *See Commonwealth v. Johnson*, 758 A.2d 1214 (Pa. Super. 2000) (holding claim that sentencing court miscalculated prior record score and misapplied sentencing guidelines presents substantial question).

We find this claim waived[6] as Artis does not present any argument why his prior record score should be a three rather than a five. *See Commonwealth v. Williams*, 732 A.2d 1167, 1175 (Pa. 1999) (noting that relief is unavailable based upon undeveloped claims for which insufficient arguments are presented on appeal). Further, defense counsel specifically acquiesced to the court's determination that the prior record score was a five. N.T., Sentencing Hearing, 9/17/2015, at 22 ("… but for sentencing today consider it the 5").

Because the record in this case establishes that the court was cognizant of the applicable sentencing range, and includes a statement of reasons for sentencing as it did, we affirm the judgement of sentence.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

Judge Nichols concurs in the result.

_____

[6] Although we find this claim waived, we would nevertheless find it without merit as Artis did not satisfy his burden of alleging invalid prior convictions. "If the defendant fails to prove to the satisfaction of the court that the inference of constitutional adjudications is wrong, the court may infer that a presentence report showing convictions is accurate, and proceed on that basis." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa. Super. 2017). Here, Artis's counsel did not present any evidence at all in support of his allegation and further acquiesced to the use of a prior record score of five. *See* N.T., Sentencing Hearing, 9/17/2015, at 22.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/19